1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California  91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

Alvin M. Gomez, Esq.   SBN: 137818
**GOMEZ LAW GROUP**
853 Camino Del Mar, #100
Del Mar, California  92014
Telephone:  (858) 552-0000
Facsimile:   (858) 552-8505

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP FUREY, an individual, on behalf of himself  and others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| THOMSON REUTERS AMERICA CORPORATION; REUTERS AMERICA LLC; and DOES 1 TO 100, inclusive, | 1.  NONPAYMENT OF WAGES (*Cal. Lab. Code §§ 218, 218.5 & 218.6*) |
| Defendants. | 2.  FAILURE TO PAY MINIMUM WAGE (*Cal. Lab. Code §§ 1194, 1194.2 & 1197*); |
| | 3.  FAILURE TO PAY OVERTIME (*Cal. Lab. Code §§ 510 & 1194*): |
| | 4.  FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS (*Cal. Lab. Code § 226.7*); |
| | 5.  FAILURE TO PAY WAGES FOR MISSED REST PERIODS (*Cal. Lab. Code § 226.7*); |

- 1 -

6. FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (*Cal. Lab. Code § 226*);

7. WAITING TIME PENALTIES (*Cal. Lab. Code §§ 201, 202 & 203*)

8. UNFAIR COMPETITION (*Cal. Bus. & Prof. Code §§ 17200 et seq.*);

9. CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEY GENERAL ACT (*Cal. Lab. Code §§ 2698 et seq.*);

**AND DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1.      This case involves defendant-employers' deliberate scheme to misclassify their workers who collect, write, edit, photograph, video, or distribute news and other information for defendants, or commonly known as journalists, reporters, producers, writers, editors, correspondents, videographers, news crews, or photographers, (hereafter, collectively referred to as "Journalists").  Defendants treated Journalists as independent contractors, denying them the fundamental protections due to employees under California law.  This class action seeks to enjoin the defendant-employers' unlawful conduct, and to obtain restitution of wages, including employee benefits, improperly denied by the defendant-employers to Journalists, as well as to prosecute a private enforcement action under the Labor Code Private Attorney General Act ("PAGA"), against defendants THOMSON REUTERS AMERICA CORPORATION; REUTERS AMERICA LLC; and DOES 1 TO 100, inclusive (hereafter collectively referred to as "Defendants"), under the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, the California Business & Professions Code (§§ 17200 et seq.), and other statutes and regulations applicable to non-exempt employees in the State of California.

2.      This combined class and PAGA enforcement action is brought against Defendants for engaging in a pattern and practice of willfully misclassifying their Journalists, including Plaintiff Phillip Furey (hereafter, "Plaintiff") as independent contractors, instead of affording them their true status as

employees, and thus denying them the basic wage-and-hour rights and protections guaranteed to employees by the California Labor Code and the IWC's applicable Wage Orders.

3.     The result of Defendants' misclassification of Journalists, including Plaintiff, is that such employees were, and are, routinely denied payment of all earned wages, including employee benefits, in the form of: (i) the minimum-wage compensation required under California law for each hour worked; (ii) payment of overtime compensation; (iii) the premium wages earned by employees for each day they are deprived a meal break mandated by California law;  (iv) the premium wages earned by employees for each day they are deprived a rest break mandated by California law; (v) payment of significant employment benefits including paid medical or vacation leaves, paid holidays, pension and retirement funds, health, dental and disability insurance, bonuses, and other benefits Defendants provide to employees properly classified as such; and (vi) provision of Workers Compensation protection in the event of work-related injuries or sicknesses.  Instead, Defendants have taken such compensation earned by, and owed to, Plaintiff and other Journalists and unlawfully converted the funds for Defendants' own use and benefit, in order to maximize profits and gain an unfair business advantage over Defendants' competitors at the expense of these Journalists.

4.     Defendants' acts and omissions, as described herein, violate provisions of the California Labor Code, including sections 201, 202, 204, 221, 226, 226.7, 226.8, 432.5, 510, 512, and 1197 violate the applicable Wage Orders issued by the California Industrial Welfare Commission, including Wage Order 4-2001 and Wage Order 11-2001 (collectively, "the Wage Orders"); and amount to unfair and unlawful business practices prohibited by the California Business and Professions Code, sections 17200 *et seq.*

5.     Plaintiff now brings this class action, on behalf of himself and other similarly-situated former and current Journalists, to recover the unpaid compensation owed to Plaintiff and other Journalists by Defendants, as well as all applicable statutory penalties arising from Defendants' myriad violations of the California Labor Code.

CLASS ACTION COMPLAINT

6.     Also, pursuant to the California Labor Code Private Attorney General Act of 2004 (*Cal. Lab. Code §§ 2698 et seq.*), Plaintiff seeks to recover the applicable civil penalties for Defendants' Labor Code and Wage Order violations, committed against Plaintiff and other former and current Journalists employed and misclassified by Defendants as independent contractors.

## THE PARTIES

7.     Plaintiff PHILLIP FUREY is a resident of California who was hired by Defendants as a Journalist.  Plaintiff has worked for Defendants, and has performed the duties and responsibilities of a Journalist, collecting and writing news information for Defendants, for the last 10 years.

8.     Defendants Thomson Reuters America Corporation and Reuters America LLC are, respectively, a Delaware corporation and a Delaware limited liability company, that collectively maintain offices and conduct business operations in the State of California.  Defendants operate a news service organization throughout the United States, which employ Journalists throughout the country, including California.  Defendants claim to be the world's leading source of intelligent information for businesses and professionals.

9.     Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by fictitious names. Plaintiff shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained.

10.     Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action act and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

11.     Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is directly or indirectly responsible in some manner for the occurrences, controversies and damages alleged

- 4 -

herein, in various capacities, including but not limited to serving as joint employer, joint tortfeasor, single enterprise, *alter ego,* or agents of the other defendants.   Each defendant approved, participated in, controlled, or ratified the acts of all other defendants.

## JURISDICTION AND VENUE

11.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332 (a) (1).   The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12.     Venue is proper in this Court under 28 U.S.C. § 1391, subdivisions (b)(1), (c)(2) and (d), in that Defendant Thomson Reuters America Corporation maintains its primary offices and conducts business operations in San Francisco, California, within this judicial district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     Defendants operate an extensive news service organization throughout the United States. In order to conduct their business operations, Defendants hired the services of Journalists throughout the country, including California.   The services of Plaintiff and other Journalists are integral parts of and essential to Defendants' day-to-day business operations.

14.     Throughout the time relevant to this action, Plaintiff has been regularly assigned work by his superiors, all of whom are managerial and/or supervisorial employees of Defendants.   The nature, scope and extent of work assignments given to Plaintiff are determined by said managerial and/or supervisorial employees of Defendants.   Pursuant to Defendants' work assignments, Plaintiff worked to gather information and write news reports and stories, and submitted the same to Defendants for review and approval, for eventual distribution to the latter's customers.   Exercising close control over Journalists' work, Defendants required Plaintiff to comply with set hours and specific time schedules, and to be present and available at Defendants' California office locations, where Plaintiff was provided with cameras, computers, and other tools and equipment, and where Plaintiff could be readily accessible to receive instructions from Defendants.

CLASS ACTION COMPLAINT

15.     Defendants supervised, managed, and/or controlled Plaintiff and other Journalists with regard to the manner, means, and methods of their work as Journalists.  For instance, Defendants required Plaintiff and other Journalists to follow the same policies and procedures required of Reuters employees. This included compliance with the policies and procedures laid out in the Reuters Handbook of Journalism, which covers a broad spectrum of general and specific areas of Journalists' work, including Defendants' Standards and Values, Guide to Operations on Text, Pictures and Video News, and General Style Guide.  In the course of their business operations, Defendants required Plaintiff and other Journalists to follow specific, inter-office policies and procedures involving such detailed mechanics of writing, including writing styles, the use of standardized language, use of social media content, the use of double quotes, processing rules on stories, the location of story introductions, formatting, edit durations, proofreading, and the use of certain computerized applications to monitor stories.  Defendants likewise mandated that Plaintiff and other Journalists comply with Defendants' standardized guidelines over Journalists' work, including prescribed audio standards, the use of specific lines in scripts to protect copyright, and instructions regarding the use of viral videos in their reporting.

16.     As a way to maintain Defendants' control, and to exercise greater supervision over Journalists' work,  Defendants required Plaintiff and other Journalists to participate in the daily planning conference calls presided over by Defendants' managers.  In the course of these events, Defendants' policies and procedures are routinely discussed, and the need for Journalists' compliance reinforced. Plaintiff and other Journalists were and are subject to discipline, including termination, if they fail to follow the policies and procedures of Defendants.

17.     Defendants hold Plaintiff and other Journalists out as employees, and require the latter to represent themselves to third parties as Defendants' employees.  In furtherance of this, Defendants provide Plaintiff and other Journalists with Reuters email addresses, press credentials, badges, name tags, and identification cards representing themselves as Reuters employees.

CLASS ACTION COMPLAINT

18.     Plaintiff and other Journalists are not engaged in a separate business or profession, but work exclusively for Defendants.  Plaintiff and other Journalists' work for Defendants continuously and long term, rather than periodically, and are dependent on Defendants for their livelihood.

19.     Defendants maintain the right to terminate Plaintiff and other Journalists' work at any time for any reason.

20.     Defendants willfully misclassified Plaintiff and other Journalists as independent contractors, in order to maximize profits at the expense of its Journalists.

21.     Through the misclassification scheme, Defendants avoid the costs of providing workers compensation protection to their own Journalists, further denying them of much needed compensation in the event of work-related sickness or injury.

22.     As discussed herein, Defendants' unlawful conduct of misclassifying Plaintiff and other Journalists further allows Defendants to deprive said individuals of fundamental employment rights, including the right to be paid all compensation, including employee benefits, earned and accrued, the right to be paid at least the minimum wage for all hours worked, the right to premium overtime wages, the right to mandated meal breaks, the right to mandated rest breaks, the right to premium wages for missed meal and rest breaks, the right to accurate itemized wage statements, the right to the prompt payment of full wages within time limits designated by law, and the right to workers compensation protection, provided under various provisions of the Labor Code and the Wage Orders.

23.     In fact, Defendants did not implement, and has no policy or practice at all, for the recording of all hours worked by Plaintiff and other Journalists, nor do Defendants have a procedure for providing meal and rest breaks to Plaintiff and other Journalists as required by law.  Accordingly, Defendants did not implement, or has no policy or practice at all, of paying overtime and premium wages to their Journalists for missed meal or rest breaks.  Defendants uniformly engaged in these violations of law against their Journalists for the entire duration of the class period.

/ / /

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

24.    This action may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

25.    Plaintiff brings this suit as a class action on behalf of himself and of the class of individuals that are defined as: a) all individuals who worked for Defendants in California as a Journalist, as defined above; b) worked at any time from the 4-year period preceding the filing of this Complaint through the present (hereafter, the "Class Period"); and c) were classified by Defendants as an independent contractor instead of an employee (hereafter, collectively referred to as "Class Members.")  Plaintiff reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

26.    The Class Members are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

27.    The Class Members other than Plaintiff are readily ascertainable by their job positions and duties, by the duration of the shifts they have worked within the relevant Class Period in California, by their classification as independent contractors by Defendants, and from the books and records maintained by the Defendants in their regular course of business.

28.    There is a well-defined community of interest amongst the Class Members, as all of these individuals have resided and worked in California, and have been similarly subjected to unlawful policies and/or practices that misclassified them as independent contractors, thereby depriving them of the protections afforded employees by California's employment laws.  Through such misclassification, Class Members have been similarly deprived of, *inter alia*: (i) the payment of all earned compensation, including employee benefits, the legally-mandated minimum-wage compensation for all hours worked, premium overtime wages, and the additional hour of compensation owing to them for missed meal and rest periods; (ii) mandated meal and rest periods; (iii) accurate, itemized wage statements reflecting all earned wages; and (iv) timely payment of all earned wages.

29.     Common questions of law and fact that affect the class predominate over questions that affect only individual Class Members, including, among other things, (a) whether Defendants maintained a policy and/or practice whereby Class Members were improperly classified as independent contractors as opposed to employees; (b) whether Defendants maintained a policy and/or practice of failing to pay Class Members overtime and/or the legally-mandated minimum-wage for all hours worked; (c) whether Defendants maintained a policy and/or practice of failing to provide Class Members the meal periods to which they were entitled under California law; (d) whether Defendants maintained a policy and/or practice of failing to allow Class Members the rest periods to which they were entitled under California law; (e) whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them, under Labor Code section 226.7, for all shifts during which a mandated meal period was not provided; (f) whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them, under Labor Code section 226.7, for all shifts during which they were deprived a mandated rest period; (g) whether Defendants maintained a policy and/or practice of failing to pay all wages owed to Class Members within the time limits prescribed by Labor Code sections 201, 202 and/or 204; (h) whether Defendants maintained a policy and/or practice of failing to maintain and furnish accurate, itemized wage statements to Class Members; and (i) whether Defendants maintained a policy and/or practice whereby Class Members were denied payment of other wages, including employee benefits such as paid medical or vacation leaves, paid holidays, pension and retirement benefits, health, dental and disability insurance, bonuses and other benefits Class Members properly earned as employees.

30.     Plaintiff's claims are typical of the claims of the Class Members, because: (a) Plaintiff's jobs, positions and duties are similar, if not identical to, the duties and activities of other Class Members; (b) Plaintiff was similarly misclassified as an independent contractor as other Class Members; (c) Plaintiff was similarly denied payment of overtime and minimum-wage compensation as other Class Members; (d) Plaintiff was denied the same meal-break benefits, including additional compensation for missed meal

breaks, as other Class Members; (e) Plaintiff was denied the same rest-break benefits, including additional compensation for missed rest breaks, as other Class Members; (f) Plaintiff was not given accurate, itemized wage statements, as required by Labor Code section 226, like other Class Members; (g) Plaintiff was not paid all of his earned wages within the time limits prescribed by the California Labor Code, like other Class Members; (h) Plaintiff was similarly denied payment of all earned wages, including employee benefits such as paid medical or vacation leaves, paid holidays, pension and retirement benefits, health, dental and disability insurance, and other employment benefits; and (i) Plaintiff was denied the foregoing rights and benefits provided under California's employment laws and regulations in the same manner that such rights and benefits were denied to other Class Members.

31.     It is common knowledge that employees face great risks in pursuing separate actions.  For these and other reasons, a class action is superior to other methods for the fair and efficient adjudication of this controversy.  Individual actions are expensive in terms of attorneys' fees and costs, the great majority of class members are unlikely to find attorneys to represent them in such actions, and they would find it difficult if not impossible to afford to pay hourly fees to attorneys for such actions.

32.     Moreover, administrative proceedings are by no means an adequate or appropriate remedy against Defendants' violations.  Among other limitations in administrative proceedings, for example, there is limited discovery permitted, and limited relief available, in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees usually are not, and are not afforded counsel by the Labor Commissioner;  no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there are attorneys' fees statutes in favor of the plaintiff; administrative relief is limited to a shorter statute of limitations than is available in this action under California Business & Professions Code §§17200 *et seq.*; and any decision made by the Labor Commission is subject to trial *de novo* in the courts, and thus would be very wasteful of time, costs, and other resources.

CLASS ACTION COMPLAINT

33.     Plaintiff can adequately represent the interests of the Class Members because, like them, Plaintiff was employed by Defendants to provide the same services as other Class Members, and Plaintiff suffered the same or similar injuries as other Class Members as a result of Defendants' systemic failures to comply with applicable California employment laws and regulations governing classification of workers.  Furthermore, Plaintiff has retained counsel who is experienced in prosecuting wage-and-hour class actions, including those arising from misclassification of workers as independent contractors rather than their true status as employees.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the class, and have the financial resources necessary to do so.

**FIRST CAUSE OF ACTION**
**For NonPayment of Wages**
*(Cal. Lab. Code §§ 218, 218.5 & 218.6)*
**Against DEFENDANTS and DOES 1 – 100**

34.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 33, inclusive, as though set forth fully herein.

35.     Defendants misclassified Plaintiff and Class Members as independent contractors when they should have been properly classified as employees under California law.  As a result of Defendants' unlawful conduct, Plaintiff and Class Members were denied payment of their full wages, including benefits that should have accrued to Class Members, including Plaintiff, as employees of Defendants, such as, but not limited to, paid medical or vacation leaves, paid holidays, pension and retirement benefits, health, dental and disability insurance, bonuses, and other benefits due as may be disclosed in discovery.

36.     Under Labor Code § 200, wages includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation. Wages thus include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay.  [*See Murphy v. Kenneth Cole Productions, Inc.* (2007) 56 Cal.Rptr.3d 880, 40 Cal.4th 1094, 155 P.3d 284; *see also Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.* (App.

- 11 -

3 Dist. 2002) 125 Cal.Rptr.2d 804, 102 Cal.App.4th 765 (wages includes health benefits and other fringe benefits).]

37.    Plaintiff and Class Members are entitled to recover the full value of wages, including fringe benefits, to which they are entitled as employees of Defendants, pursuant to California Labor Code section 218.  Plaintiff and Class Members are also entitled to recover reasonable attorneys' fees, costs, and interest under the present cause of action, pursuant to California Labor Code sections 218.5 and 218.6.

**SECOND CAUSE OF ACTION**
**For Failure to Pay Minimum Wage**
**(*Cal. Lab. Code §§ 1194, 1194.2 & 1197*)**
**Against DEFENDANTS and DOES 1 – 100**

38.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 37, inclusive, as though set forth fully herein.

39.    Labor Code section 1197 makes it unlawful to pay an employee less than the minimum wage, as established by the Industrial Welfare Commission, for each hour worked.

40.    Labor Code section 1194 entitles an employee receiving less than the minimum wage to recover, in a civil action, the unpaid balance of minimum wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

41.    Labor Code section 1194.2 entitles an employee receiving less than the minimum wage to recover liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

42.    As a result of Defendants' improper pay policy and/or practice, as described herein, Defendants failed to pay Plaintiff and other Class Members any compensation at all for each of hour of work in excess of 8 hours in a day or 40 hours in a week.  Instead, under Defendants' misclassification scheme, Plaintiff and other Class Members were paid a fixed daily wage, without regard for the actual number of hours worked by such individuals.  In light of said individuals' proper status as employees under California's employment laws, this policy and practice of paying a fixed daily wage resulted in

repeated failures, on the part of Defendants, to pay the minimum wage that these workers were entitled to, for each hour worked, under Labor Code section 1197 and the Wage Orders.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants' failure to pay the minimum wage for each hour worked, as described herein, was done willfully.

44. Additionally, as a result of Defendants' failure to pay Plaintiff and other misclassified Class Members the minimum wages for all hours worked, these workers were not timely paid all earned wages as required by Labor Code section 204.

45. Based on Defendants' conduct, as alleged herein, Defendants and Does 1 through 100 are liable to the Class Members, including Plaintiff, for unpaid minimum-wage compensation, pursuant to California Labor Code sections 1194 and 1197, and the Wage Orders; liquidated damages in an amount equal to the unpaid wages owed to such employees, plus interest, pursuant to California Labor Code sections 1194.2; and attorneys' fees and costs of suit, pursuant to California Labor Code sections 1194 and 1194.2.

**THIRD CAUSE OF ACTION**
**For Failure to Pay Overtime**
***(Cal. Lab. Code §§ 510 & 1194)***
**Against DEFENDANTS and DOES 1-100**

46. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 45, inclusive, as though set forth fully herein.

47. As alleged herein, Class Members, including Plaintiff, are not exempt from the overtime requirements of the California Labor Code and the Wage Orders.

48. The Wage Orders require an employer to pay an employee "one and one half (1 ½) times such employee's regular rate of pay" for work in excess of 8 hours, but not more than 12 hours, per day, or for work in excess of 40 hours per workweek. In addition, the Wage Orders require an employer to pay an employee "double the employee's regular rate of pay" for all work in excess of 12 hours per day. California Labor Code section 510 similarly requires employers to pay employees "one and one-half

CLASS ACTION COMPLAINT

times the regular rate of pay" for any work in excess of 8 hours per day or 40 hours per week, and "twice the regular rate of pay" for any work in excess of 12 hours per day.

49.     Throughout the relevant time period, Plaintiff and Class Members regularly performed work in excess of 8 hours per day and/or 40 hours per week.  Contrary to the overtime provisions of the California Labor Code and the Wage Orders, however, Defendants did not pay Plaintiff and Class Members overtime compensation for their overtime work.  Instead, Defendants devised a scheme whereby Plaintiff and Class Members were improperly classified as independent contractors, and were thus denied compensation for their overtime work.

50.     Based on Defendants' conduct, as alleged herein, Defendants and Does 1 through 100 are liable to the Class Members, including Plaintiff, for their unpaid overtime compensation pursuant to California Labor Code section 510 and 1194 and the Wage Orders.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Wages for Missed Meal Periods
#### (*Cal. Lab. Code § 226.7*)
### Against DEFENDANTS and DOES 1-100

51.     Plaintiff  incorporates by reference and re-alleges paragraphs 1 through 50, inclusive, as though set forth fully herein.

52.     As alleged herein, Defendants have maintained a policy and/or practice whereby Class Members, including Plaintiff, were and are misclassified as independent contractors.  As such, Defendants have systematically failed and/or refused to provide Class Members, including Plaintiff, with an uninterrupted 30-minute meal break for every 5 hours worked, as guaranteed to them as employees under California Labor Code section 226.7 and the Wage Orders.

53.     The Wage Orders require an employer to pay an employee an additional hour of compensation for every shift in which said employee was not provided with a mandated meal period. California Labor Code section 226.7, subdivision (c), likewise requires an employer to pay an employee

- 14 -

an additional hour of compensation for every shift that a meal period mandated by the California Wage Orders are not provided.

54.     At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiff, with the additional compensation for missed meal periods required by California Labor Code section 226.7 and the Wage Orders.

55.     Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for their unpaid premium wages for missed meal periods, pursuant to California Labor Code section 226.7 and the Wage Orders.

### FIFTH CAUSE OF ACTION
**For Failure to Pay Wages for Missed Rest Periods**
***(Cal. Lab. Code § 226.7)***
**Against DEFENDANTS and DOES 1-100**

56.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 55, inclusive, as though set forth fully herein.

57.     As alleged herein, Defendants have maintained a policy and/or practice whereby Class Members, including Plaintiff, were and are misclassified as independent contractors.  Consequently, Defendants have systematically failed and/or refused to authorize or permit Class Members, including Plaintiff, to take an uninterrupted 10-minute rest break for every 4 hours worked, or major fraction thereof, as guaranteed to them as employees under California Labor Code section 226.7 and the Wage Orders.

58.     The Wage Orders require an employer to pay an employee an additional hour of compensation for every shift in which said employee was not authorized or permitted to take a mandated rest period.  California Labor Code section 226.7, subdivision (c), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a rest period mandated by the California Wage Orders in not provided.

59.     At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiff, with the additional compensation for missed rest periods required by

California Labor Code section 226.7 and the Wage Orders.

60.     Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for their unpaid premium wages for missed rest periods, pursuant to California Labor Code section 226.7 and the Wage Orders.

### SIXTH CAUSE OF ACTION
#### For Failure to Provide Accurate, Itemized Wage Statements
##### (*Cal. Lab. Code § 226*)
##### Against DEFENDANTS and DOES 1-100

61.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 60, inclusive, as though set forth fully herein.

62.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements, *inter alia*, all wages earned by Plaintiff and other Class Members, and to accurately report total hours worked by such employees.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and other Class Members.

63.     By failing to keep adequate records, as required by Labor Code section 226, Defendants have injured Plaintiff and other Class Members, and made it confusing and difficult to calculate the unpaid wages earned by Plaintiff and other Class Members, including wages, interest, and penalties thereon, for the work they performed for Defendants.

64.     Plaintiff seeks to recover, on behalf of himself and other Class Members, the statutory penalties provided by Labor Code section 226(e) for the wage statement violations committed by Defendants and Does 1 through 100.

### SEVENTH CAUSE OF ACTION
#### For Waiting Time Penalties
##### (*Cal. Lab. Code §§ 201, 202 & 203*)
##### Against DEFENDANTS and DOES 1 -100

65.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 64, inclusive, as though set forth fully herein.

66.     Sections 201 and 202 of the California Labor Code require employers to promptly pay all wages owing to an employee at the conclusion of employment.

67.     Numerous other proposed Class Members are no longer working for Defendants.  They were either discharged, quit, or otherwise terminated their employment with Defendants.

68.     Defendants' failures to pay Class Members who are no longer working for Defendants all wages owing, as alleged above, were willful.

69.     Class Members no longer working for Defendants are therefore entitled to penalties against Defendants, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

**EIGHTH CAUSE OF ACTION**
**For Unfair Competition**
***(Cal. Bus. & Prof. Code §§ 17200 et seq.)***
**Against DEFENDANTS and DOES 1-100**

70.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 69, inclusive, as though set forth fully herein.

71.     California has an important public policy of protecting the rights of employees by, among other things, enforcing the requirement that all employees be afforded the meal- and rest-break benefits guaranteed under California's employment laws, as well as ensuring full payment of wages earned by employees, including minimum-wage compensation for each and every hour of work performed, premium overtime wages, premium wages for missed meal and rest breaks, and other compensation in the form of employee benefits such as paid medical or vacation leaves, paid holidays, pension and retirement benefits, health, dental and disability insurance, bonuses and other benefits Class Members properly earned as employees.  California thus prohibits the unlawful misclassification of workers as independent contractors, because this unlawful conduct not only strips workers of their rightful status as employees, but also denies them their basic employment rights.  Defendants' willful conduct of misclassifying their

Journalists as independent contractors has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the Class Members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

72.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 *et seq*.  A violation of California Business & Professions Code sections 17200 *et seq*. may be predicated on the violation of any state or federal law.

73.     Plaintiff and other Class Members are workers dependent on Defendants for their livelihood, and do not have the same superior bargaining advantage as their employers.  Defendants' misclassification of Plaintiff and Class Members as independent contractors, when these Journalists are truly employees subject to strict control by Defendants, are unlawful and unfair.

74.     With their unlawful misclassification scheme, Defendants are able to deny Plaintiff and other Class Members their rights to overtime and minimum wage, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized wage statements, and the prompt payment of full wages within the time limits set by law, as provided under various provisions of the Labor Code and the Wage Orders.  As a result of their unlawful conduct, Defendants were also able to deny Plaintiff and other Class Members various other compensation, including paid medical or vacation leaves, paid holidays, pension and retirement benefits, health, dental and disability insurance, bonuses, and other employment benefits earned and accrued in exchange for work performed.

75.     Defendants also willfully deprived Plaintiff and other Class Members of the protections afforded to them under California Workers Compensation laws, denying said Journalists the basic medical and financial assistance guaranteed to all employees in the event of work-related injuries and/or sicknesses. Under their unlawful scheme, Defendants were further able to evade their other legal responsibilities as employers, and instead shifted the burden of paying the costs of self-employment and unemployment taxes upon Plaintiff and other Class Members.  Defendants are able to unjustly keep and

CLASS ACTION COMPLAINT

appropriate for themselves significant amounts of money that otherwise should have been paid to Class Members as wages and other benefits.  Finally, by continuing to engage in said illegal practice, Defendants are also able to gain undue competitive advantage over and against their competitors.

76.     Defendants' unfair business practices have reaped undue benefits and illegal profits, and unjustly enriched Defendants, at the expense of Plaintiff and other Class Members, and the public. Plaintiff and other Class Members have been personally harmed by Defendants' unlawful business acts and practices, as alleged herein, including but not necessarily limited to the loss of significant money or property due to them as employees.

77.     Pursuant to California Business & Professions Code sections 17200 *et seq*., Plaintiff and other Class Members are entitled to preliminary and permanent injunctive relief, including accounting for and restitution of all wages, compensation, and benefits unlawfully withheld and retained, restitution of all wages earned by Class Members that have not been paid by Defendants, as well as disgorgement of illegally acquired profits by Defendants during a period that commences four (4) years prior to the filing of this Complaint.  Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to the common fund doctrine, California Code of Civil Procedure section 1021.5 and other applicable laws.

**NINTH CAUSE OF ACTION**
**For Recovery of Civil Penalties Under the Labor Code Private Attorney General Act**
**(*Cal. Lab. Code §§ 2698 et seq.*)**
**Against All DEFENDANTS**

78.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 77, inclusive, as though set forth fully herein.

79.     As a result of the acts alleged herein, Plaintiff, as an aggrieved employee within the meaning of Labor Code section 2699, subdivision (c), on behalf of himself and other current or former Journalists of Defendants, seeks the recovery of civil penalties against Defendants pursuant to California Labor Code sections 2698 *et seq*., for the following knowing and intentional violations of the California Labor Code:

a.      For willfully misclassifying Journalists, including Plaintiff, as independent contractors, and engaging in a pattern and/or practice of committing said unlawful acts, in violation of Labor Code section 226.8, against all Defendants;

b.      For requiring Plaintiff and other Journalists to agree to an independent contractor agreement despite knowledge that such agreement is unlawful, in violation of Labor Code section 432.5;

c.      For failing to pay Plaintiff and other misclassified Journalists the legally-mandated minimum wage for each hour worked, in violation of Labor Code sections 1197 and 1197.1;

d.      For failing to pay Plaintiff and other misclassified Journalists all of their earned premium overtime wages, in violation of Labor Code sections 510 and 558;

e.      For failing to provide required meal periods to Plaintiff and other misclassified Journalists, in violation of Labor Code sections 226.7 and 512, and paragraph 11 of the Wage Orders;

f.      For failing to pay Plaintiff and other misclassified Journalists the additional hour of compensation earned for every shift that a mandated meal period was denied, in violation of Labor Code section 226.7(b) and paragraph 11 of the Wage Orders;

g.      For failing to authorize and/or permit required rest periods to Plaintiff and other misclassified Journalists, in violation of Labor Code section 226.7 and paragraph 12 of the Wage Orders;

h.      For failing to pay Plaintiff and other misclassified Journalists the additional hour of compensation earned for every shift that a mandated rest period was denied, in violation of Labor Code section 226.7(b) and paragraph 12 of the Wage Orders;

i.      For failing to pay wages promptly following termination of employment, or when due and payable, in violation of Labor Code sections 201, 202 and 204;

j.      For unlawfully collecting, receiving, or withholding part of Plaintiff's and other misclassified Journalists' wages, in violation of Labor Code sections 221 and 225.5; and

k.      For failing to maintain for and provide to Plaintiff and other misclassified Journalists the accurate, itemized wage statements required by Labor Code section 226.

CLASS ACTION COMPLAINT

80.     The above-referenced civil penalties shall include the recovery of amounts specified in the applicable sections of the Labor Code, and if not specifically provided, those under section 2699(f), and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses incurred by Plaintiff and other misclassified Journalists, pursuant to Labor Code sections 210, 225.5, 226.3, 226.8, 558(a), 1197.1(a), and 2699, subdivisions (a) and (f).

81.     Plaintiff reserves his rights to allege any additional and all other violations of the Labor Code and the Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

82.     On or about October 1, 2015, Plaintiff sent a letter by certified mail to Defendants, and to the California Labor and Workplace Development Agency ("LWDA"), giving notice of Defendants' violations of the Labor Code and the Wage Order as alleged herein, and of Plaintiff's intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA.

83.     Plaintiff will file an amended complaint after the LWDA is given the opportunity to consider Plaintiff's notice of Defendants' violations of the California Labor Code, and of Plaintiff's intent to bring a claim for civil penalties under PAGA.  If the LWDA declines to investigate Defendants' violations of the California Labor Code, Plaintiff will prosecute this PAGA cause of action against Defendants, pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A).

84.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of Defendants' other employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under Labor Code section 2699.

//

//

//

//

- 21 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court award relief as follows:

1.    Unpaid wages, including fringe benefits and all other compensation, and statutory penalties, according to proof;

2.    Restitution of all compensation due, including but not limited to wages and benefits, as a result of Defendants' unlawful and unfair business practices, according to proof;

3.    Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above, and requiring the establishment of appropriate and effective policies, procedures and practices in place to prevent future violations, including the maintenance of records that comply with California Labor Code section 226 and the Wage Orders;

4.    Declaratory relief;

5.    Liquidated damages pursuant to section 1194.2 of the California Labor Code, for Defendants' violations of the minimum-wage provisions of California Labor Code section 1197 and the Wage Orders, according to proof;

6.    Reasonable attorneys' fees and costs, pursuant to, *inter alia*, California Labor Code sections 218.5, 226, 1194, 2699, California Code of Civil Procedure section 1021.5 and the common fund doctrine;

7.    Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, *inter alia*, California Labor Code sections 218.6, 1194 and 1194.2, and California Civil Code sections 3287 and 3288;

8.    Civil penalties pursuant to California Labor Code sections 210, 225.5, 226.3, 226.8, 558, 1197.1, and 2699, subdivisions (a) and (f), for Defendants' violations of the California Labor Code and the Wage Orders, according to proof; and

//

- 22 -

9.      Such other and further relief as the Court deems just and proper.

Dated: October 2, 2015                    **LAW OFFICES OF C. JOE SAYAS, JR.**

                                          **GOMEZ LAW GROUP**


                              By:     _/s/ C. Joe Sayas, Jr._
                                      C. JOE SAYAS, JR.
                                      Attorney for Plaintiff Phillip Furey

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff PHILLIP FUREY hereby demands a jury trial on all issues so triable.

Dated: October 2, 2015                    **LAW OFFICES OF C. JOE SAYAS, JR.**

                                          **GOMEZ LAW GROUP**


                                  By:     */s/ C. Joe Sayas, Jr.*
                                          C. JOE SAYAS, JR.
                                          Attorney for Plaintiff Phillip Furey

- 24 -